# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 99-41451

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY JAMES MONSEVAIZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. C-97-CR-211-1

_____

No. 99-41452

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY JAMES MONSEVAIZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. C-97-CR-269-1

December 6, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Grant Jones, the attorney appointed to represent Johnny James Monsevaiz, has moved for leave to withdraw from the appeal of Monsevaiz's conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), being a convicted felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), and failure to appear, in violation of 18 U.S.C. § 3146(a)(1) and 1346(b)(1)(A)(ii). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Jones has filed a brief stating that he finds no meritorious issues for review; Monsevaiz was notified of counsel's motion and brief and filed a response. Both counsel's brief and our own independent review of the record show that there are no nonfrivolous issues for appeal. Monsevaiz's contention that a Government witness was coerced to commit perjury was not presented to the district court. An issue raised for the first time on appeal is not amenable to consideration by this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-

court.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir.), cert. denied, 120 S.Ct. 982 (2000).  Even if we were to consider the recantation, there is still adequate physical and circumstantial evidence to support the jury's guilty verdict on all charges.  *See United States v. Walker*, 148 F.3d 518, 523 (5th Cir. 1998).

Consequently, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED.